# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Aaron S. Fitzpatrick,**
**Plaintiff Below, Petitioner**

**FILED**

November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0073** (Wayne County 12-C-24)

**Cabell County Commission, Wayne County Commission,**
**Western Regional Day Report Center, Community**
**Criminal Justice Board, and Tom Blevins, individually**
**and as an employee and agent of the above named co-defendants,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Aaron S. Fitzpatrick, by counsel Travis W. Hoffman, appeals the order of the Circuit Court of Wayne County, entered December 18, 2012, granting respondents' motion to dismiss. Respondent Cabell County Commission appears by counsel Lee Murray Hall and Sarah A. Walling. Respondents Wayne County Commission, Western Regional Day Report Center, Community Criminal Justice Board, and Tom Blevins appear by counsel Wendy E. Greve and Michelle Rae Johnson.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a complaint in the Circuit Court of Wayne County asserting that, while serving an eight-month alternative sentence imposed by the Magistrate Court of Cabell County that required him to report to the Western Regional Day Report Center, he suffered a blinding eye injury. His injury occurred when he pulled nails from a wall, a task assigned to him by Respondent Tom Blevins. According to the complaint, Respondent Wayne County Commission and Respondent Cabell County Commission had entered into an agreement to establish the day report center. Respondent Blevins is or was an employee of Respondent Wayne County Commission and Respondent Western Regional Day Report Center, and supervised the community service program of the day report center.

Respondent Cabell County Commission filed a motion to dismiss for failure to assert a claim on which relief may be granted. In pertinent part, respondent asserted that petitioner's cause of action is barred by the immunity found in West Virginia Governmental Tort Claims and Insurance Reform Act (West Virginia Code § 29-12A-1 *et seq.*) because petitioner was

1

participating in a court-ordered or administratively-approved work release or treatment or rehabilitation program and because respondents were executing or enforcing the lawful order of the magistrate court. Respondent Wayne County Commission later joined in the motion.

The Circuit Court of Wayne County granted respondents' motion by order entered December 18, 2012, on the grounds set forth in the motion, and this appeal followed. Petitioner presents two assignments of error, arguing error in each ground upon which the circuit court found application of statutory immunity. We review a circuit court's order granting a motion to dismiss de novo. *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

The West Virginia Governmental Tort Claims and Insurance Act ("Act") provides generally that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function. . . ." W.Va. Code § 29-12A-4. However,

> (c) Subject to sections five [§ 29-12A-5] and six [§ 29-12A-6] of this article, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows: . . .
>
> (2) Political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment. . . .
>
> (4) Political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used by such political subdivisions, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility.

*Id*. We explained in *Randall v. Fairmont City Police Department*, 186 W.Va. 336, 412 S.E.2d 737 (1991), that "the general rule of construction . . . favor[s] liability, not immunity: unless the legislature has clearly provided for immunity under the circumstances . . . ." *Id.* at 347, 412 S.E.2d at 748.

The Act also provides express grants of immunity. Here, we are called upon to evaluate whether either of two provisions found in Section 5 expressly grant immunity to respondents in this case. West Virginia Code § 29-12A-5(a)(3) provides that a political subdivision is immune from liability if a loss or claim results from "[e]xecution or enforcement of the lawful orders of any court," and West Virginia Code § 29-12A-5(a)(13) provides that a political subdivision is immune if a claim results from "[a]ny court-ordered or administratively approved work release or treatment or rehabilitation program." We agree with the circuit court that each of these provisions applies to give respondents immunity from liability with respect to petitioner's claim.

2

Petitioner was permitted to participate in the day report program in lieu of incarceration by operation of an agreed order for alternative sentence that originated in the Magistrate Court of Cabell County. Among the requirements contained in the order was the provision that petitioner "be required to regularly attend substance abuse counseling/treatment, GED/vocational treatment, and or any other programs which may be directed by the [day report center]." The order further required that petitioner engage in community service at the rate of eight hours per week if enrolled as a student or employed and twenty-four hours per week otherwise. Petitioner was performing this required community service at the time of his injury.

With respect to petitioner's arguments, we first agree with the circuit court that petitioner incurred his injury while respondents were acting pursuant to a lawful order of the magistrate court. In ordering petitioner to participate in the day report program, the magistrate court required that he perform a certain amount of community service. We are not persuaded by petitioner's contention that the magistrate court did not order petitioner to perform the specific task that resulted in his injury. Respondents were overseeing petitioner's court-ordered community service. It was not necessary for the magistrate court to orchestrate the minutiae, and the details were properly delegated to the discretion of respondents.

Furthermore, in light of the clear directives of the order, we find that petitioner was engaged in court-ordered rehabilitation at the time of his injury, and West Virginia Code § 29-12A-5(a)(13) squarely applies. Inasmuch as subpart thirteen provides immunity for rehabilitation or work release, and does not require both simultaneously, it is unnecessary that we address petitioner's asserted distinction between "work release" and "day report."

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Margaret L. Workman